OPINION
{¶ 1} This is an appeal from the judgment of the Van Wert Municipal Court, which found defendant-appellant, Adam Mosier ("Mosier"), guilty of aggravated menacing.
 {¶ 2} On May 3, 2002, Mosier was charged with knowingly causing Toney Kidwell II ("Kidwell") to believe that Mosier would cause serious physical harm to Kidwell or his property in violation of R.C. 2903.21(A). Mosier plead not guilty and the case went to trial on July 11, 2002. Kidwell did not testify at trial. However, another man who was present at the time the of the alleged menacing, Jacob Jones (Jones), testified as the only witness for the State.
 {¶ 3} Jones testified to the following pertinent facts; Mosier was a former boyfriend of Amanda Hubert ("Hubert") and Kidwell is Hubert's present boyfriend. On the day in question, Mosier came to Hubert's home in order to retrieve some belongings that he had left at her house. Jones and Kidwell were present at Hubert's home when Mosier arrived. When Mosier left Hubert's home he squealed his tires and then stopped in the road. Jones approached the driver's side door of Mosier's vehicle. At that time, Jones claims that Mosier pointed a rifle out the window at him. Additionally, Jones claimed that Kidwell also came up to Mosier's car, and that when he did, Mosier pointed the rifle at Kidwell. However, Jones also testified that Kidwell told Mosier to "either put it away or use it" and that Jones was not in fear for his life. After hearing the evidence, the trial court found Mosier guilty of aggravated menacing and sentenced him to ninety days in jail with 86 days suspended, one year of probation and a $200 fine.
 {¶ 4} Mosier now appeals asserting two assignments of error. The first claims that the trial court's conviction of Mosier was against the manifest weight of the evidence because the Kidwell did not testify and because no evidence was proffered by the state as to Kidwell's belief that Mosier would cause serious physical harm. The second claims that Mosier's counsel was ineffective by failing to move for a judgment of acquittal at the end of the state's case. The state did not file an appellee's brief responding to these assertions of error.
 {¶ 5} App.R. 18(C) states: "if an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." The prosecutor has failed to submit a brief. Accordingly, we elect to accept the appellant's statement of facts and issues as correct pursuant to App.R. 18(C). Upon a reading of the brief, the appellant's argument reasonably supports a reversal.
 {¶ 6} For these reasons, the judgment of the Van Wert Municipal Court of Van Wert County, Ohio, is reversed and the cause remanded for further proceedings in accordance with this opinion.
Judgment reversed.
 BRYANT and WALTERS, JJ., concur.